## Emmitt JONES *v.* STATE of Arkansas

CR 03-491

141 S.W.3d 361

Supreme Court of Arkansas
Opinion delivered January 15, 2004

*William M. Howard, Jr.*, for appellant.

No response.

PER CURIAM. On October 29, 1997, appellant Emmitt Jones was tried by a jury and found guilty of possession of crack cocaine with intent to deliver, possession of drug paraphernalia, simultaneous possession of drugs and a firearm, and two counts of delivery of a controlled substance, for which he received a sentence of seventy-three years in the Department of Correction and a $50,000 fine. Appellant appealed his conviction to the Arkansas Court of Appeals, and, on January 6, 1999, the court of appeals affirmed his conviction.

Appellant sought postconviction relief in a Rule 37 petition filed on March 19, 1999, and an amended petition on September 6, 1999. The trial court appointed William M. Howard, Jr. to represent Jones to represent him in the Rule 37 proceedings. The Rule 37 petition for postconviction relief was denied on January 4, 2002.

On April 30, 2003, appellant filed a pro se motion for belated appeal to this court, claiming that, although he desired to appeal the denial of his Rule 37 petition, his appointed counsel, William M. Howard, Jr., failed to perfect the appeal.

On April 30, 2003, the Criminal Justice Coordinator for the Supreme Court of the State of Arkansas mailed Mr. Howard a letter informing him of Jones's motion for belated appeal and requesting that he submit an affidavit responding to the allegations contained in the motion. Howard filed an affidavit on May 14, 2003. The attorney general was provided a copy of the affidavit, but did not respond.

On September 11, 2003, appellant filed an amended motion for belated appeal. In a per curiam dated October 9, 2003, this court granted the motion for belated appeal and directed that William M. Howard, as attorney of record on appeal, file the appellant's brief within forty-five days (November 18, 2003) or submit within that time a petition for writ of certiorari, if the record lodged by Jones is incomplete.

On October 27, 2003, Howard filed a motion to be relieved as counsel, and, on October 21, 2003, appellant filed a pro se motion for change of counsel. Both motions were denied on November 13, 2003.

Now pending before this court is a motion to file belated brief and supplement record filed on behalf of appellant by attorney Howard on November 20, 2003, two days after the deadline had passed. In his motion, Howard claims that he found out the brief was due two days earlier when he received a telephone message from the Criminal Justice Coordinator, that he apparently miscalculated the date the brief was due, and that he thought he would be relieved of counsel.

This motion will be treated as a motion for rule on the clerk. Attorney for the appellant shall file within thirty days from the date of this per curiam a motion and affidavit in this case accepting full responsibility for not timely filing the transcript and brief, and, upon filing same, the motion will be granted and a copy of the opinion will be forwarded to the Supreme Court Committee on Professional Conduct.